O’Neall, J.
The decision of the Judge below was made in conformity to a dictum expressed by me in a case reported in 2 Hill, 625, and against his, own opinion of the law, as practised in this State. I was prepared to defend the position which I had assumed, and to go back to the practice as stated in the State vs. Blyth, 1 Bay. 166, on the grounds that the practice there stated was just and reasonable, and that there *170 had been nothing but nisi prius decisions and obiter dicta of the Court of Appeals to the contrary. But during the last summer, I accidentally discovered the case of the State vs. Frost, decided by the Constitutional Court in Columbia, April, 1804, 2 Brev. M. S. Rep, 139, which is a decision upon the very point. To it I think my judgment must yield ; and as that case is not yet in point, it may be well enough to state it. The defendant was indicted and sued for the same assault and battery on one Brooks; my brother Gantt, who was then at the bar, moved that the prosecutor should be compelled to elect whether be would proceed criminally or civilly. Waties, J., granted the motion. On an appeal, the Constitutional Court resolved, “that the prosecutor of an indictment for an assault and battery has alight to proceed as well civilly as criminally, against the trespasser, to recover a satisfaction in damages for the private injury; and that be cannot be forced to proceed in one way only — and that the case of the State vs. Blythe was not law.” The Court said, “ that a party applying for an information, may be compelled to waive bis right of action, or rather it may be made a condition upon which the information shall be granted, because the granting of an information is in the discretion of the Court — and is an arbitrary and oppressive mode of proceeding; but a prosecutor may have leave to proceed by information and by action.” The amendment of the Constitution of the United States, which declares that no one shall be held to answer for a capital offence, except on presentment or indictment; and our State Constitution, which declares that all prosecutions shall be carried on in the name and by the authority of the State' of South Carolina, and conclude against the peace and dignity of the same, have considerably abridged, if not entirely abolished the practice of proceeding by way of information with us; and thereupon, the doctrine of election cannot apply. If the prosecutor in such a case as the present will not agree to relinquish bis civil remedy, the Court will not compel him, and be shall not be forced to make bis election ; 1 B. & P. 191. It seems, however, that the Attorney General may grant a nolle prosequi in bis discretion; but it should only be done on special occasions of peculiar situations or hardship, or in any very favorable cases in regard to the accused. It is said in a note in Bacon’s Abridgment, 1 vol. p. 64, “that though the *171 prosecutor by indictment cannot be compelled to make any such election, yet in cases of assault and battery, the Court will not give a severe judgment upon the criminal conviction, unless the prosecutor will agree to relinquish bis civil remedy.”
Having thus stated the case of the State vs. Frost, it will only be necessary to say, it will govern the Courts hereafter in all similar cases, not only in the resolution of the Court as to the point of law, but also in the direction with which it closes — that the judgment in a criminal conviction for assault and battery will not be severe, when the prosecutor pursues bis civil remedy.
The motion is granted.